Case 25.—ACTION BY THE CITY OF LOUISVILLE AGAINST
THE OHIO VALLEY TELEPHONE CO. TO RECOVER A
FRANCHISE TAX.—June 8.

## Ohio Valley Telephone Co. v City of Louisville.

| 123 | 193 |
|-----|-----|
| j135 | 794 |

Appeal from Jefferson Circuit Court (Chancery
Branch, 1st Div.)

SHACKELFORD MILLER, Judge.

Judgment for Plaintiff.   Defendant appeals.   Re-
versed.

1. Taxation—Retrospective Assessment—Presumption—It may be
   conceded that the legislature has power to restrospectively as-
   sess property for taxation, but the intention so to do is never
   presumed.   On the contrary the presumption is that all taxing
   statutes are prospective unless the opposite intent is expressly
   shown by the language used.
2. Same—Corporate Franchises—Municipal Taxation—Fiscal Year
   —An act of the legislature, approved Nov. 11, 1892, au-
   thorized the assessment of corporate franchises for State
   and municipal taxation.   When the fiscal year of the city of
   Louisville began on the first day of September and ended on
   the 31st day of August, of each year, there being nothing in
   the act to indicate a retrospective assessment, a franchise tax
   can not be assessed for the fiscal year beginning September 1,
   1892, and ending August 31, 1893.

FAIRLEIGH, STRAUS & FAIRLEIGH for appellant.

1. The city, being a municipal corporation, has no power of tax-
ation, except such as may be specifically granted to it by the legis-
lature.

2. The fiscal year, for the purposes of taxation is a unit, and
property not subject to taxation at the beginning of that fiscal
year, could not be made subject to taxation for that year by the
mere passage of an act by the legislature during the year, au-
thorizing a tax upon such property, unless the statute in express
terms provided that it should be retroactive.

3. The rule is universal that tax statutes should be strictly
construed, that is to say, they should be construed in favor of
the taxpayer and against the government.

4. We know of no legislation passed in pursuance of the present Constitution which has been construed to be retrospective.

### AUTHORITIES CITED.

Burnett's Code, 760; 2 Acts 1883-4, 1260; McQuillen's Municipal Ordinances, sec. 401; 27 Am. & Eng. Ency. of Law, 869, 870; New England Mortgage Co. v. Board, etc., 80 Ala., 110; Gas Co. v. Alden, 44 N. J. L., 648; Long, etc., v. City of Louisville, 97 Ky., 372; City of Middlesboro v. Bank, 108 Ky., 680; Owensboro Water Works Co. v. City, 24 Ky. L. R., 2530.

A. E. RICHARDS, attorney for appellee.

1. The city ordinance was sufficient to impose the tax upon defendant's franchise. (Constitution, sec. 166; City Middlesboro v. Coal & Iron Bank, 108 Ky., 680; Ky. St., sec. 4077; Owensboro Water Works Co. v. City of Owensboro, 24 R., 2530.

2. The assessment of appellant's franchise for the taxes of 1893 was valid under the general revenue act Nov. 11, 1892, and the levy ordinance of Dec. 17, 1892. (Ky. St., sec. 2984, 2985, 2992-3, 2983, 4084; City of Newport v. Masonic Temple Assn., 20 R., 266; Louisville & Jeffersonville Ferry Co. v. Comlth. 22 R., 480.)

3. No constitutional right is violated by construing the act of Nov. 11, 1892, as imposing a tax on appellant's franchise for the year 1893. (1 Cooley on Taxation, 3 Ed., 492; Thornton v. McGrath, 1 Duvall, 355.)

### OPINION BY JUDGE BARKER.—Reversing.

This action was instituted by the city of Louisville on the 1st day of August, 1898, for the purpose of recovering judgment on a tax bill for $2,477.06, being a franchise tax assessed against the appellant, Ohio Valley Telephone Company, for the fiscal year commencing on the 1st day of September, 1892, and ending on the 31st day of August, 1893.

It is not contended by the city that, on the 1st day of September, 1892, at which time the assessment of property for municipal purposes was constructively made, there was any law in existence for the assessment of a franchise tax; but on the 11th day of November, 1892 (Laws 1891-93, p. 299, c. 103, art. 3, § 1) the General Assembly of the commonwealth of Ken-

tucky enacted a statute for the assessment of fran-
chises, which is now section 4077 of the Kentucky
Statutes, and which provides, so far as the
question in hand is concerned, as follows: "Every    *
    *    *    telephone company    *    *    *    shall, in addi-
tion to other taxes imposed upon it by law, annually
pay a tax on its franchise to the State, and a local
tax thereon to the county, incorporated city, town
and taxing district where its franchise may be exer-
cised." After the enactment of this statute, the fran-
chise of the appellant corporation was assessed by
the proper board, and the assessment certified to the
county clerk for Jefferson county, as provided by
section 4084 of the Kentucky Statutes, and
that officer duly certified it to the proper fiscal of-
ficers of the city of Louisville. By an ordinance which
became obligatory on the 12th day of April, 1897, en-
titled "An ordinance regulating the duties of the city
assessor with respect to tax bills on assessments made
by the State railroad commission and State board of
valuation and assessment," the assessor of the city
was directed to issue tax bills on franchises thereto-
fore assessed by the State board of valuation, and
certify them to the municipal authorities; the tax
bills to be issued in accordance with the terms of
the ordinance levying taxes for the fiscal year in
which the franchise tax bill was to be issued. Under
and by virtue of this ordinance, the city assessor is-
sued the tax bill in question on the 9th day of June,
1898, and lodged it with the tax receiver, who notified
the appellant in writing, and upon its refusing to pay
for more than 30 days after receiving the notice, this
action was instituted.

There is no serious question made as to the regu-
larity of any of the steps taken by the officers. The
question involved is one of power only. The general
taxation for municipal purposes for the year 1893
was made under an act of the General Assembly
passed in 1884, amending the charter of the city of

Louisville. The levy ordinance of 1893 was based up-
on the provisions of this statute. The tax bill under
consideration was not made out for the full tax rate
levied on property generally for the year 1893. Under
the law regulating fiscal matters of the city of Louis-
ville prior to the enactment in 1893 of the act for
the government of cities of the first class, the uniform
rate of taxation required by the present Constitution
did not prevail. The rate of taxation upon what were
called investments was regulated by section 6, c. 45,
Louisvile (Burnett) City Code, p. 770, which is as fol-
lows: ''The tax for school purposes and that which is
designed to meet the bonds of the city issued to
Elizabethtown and Paducah, and the Louisville, New
Albany and St. Louis Railroads, shall be levied and
assessed on all investments which, on the first of
September, belong to any resident person or corpor-
ation. This embraces all securities of accounts for
moneys loaned, and all bonds, mortgages, and lien
notes, all notes and bills discounted or bought from
others, and time deposits with a bank or banker; but
not accounts and obligations arising in the course
of manufacturing or professional business, or of a
licensed trade other than money lending or banking.
The party assessed on investments may deduct his
indebtedness for the purchase of lands or leaseholds
in Louisville, secured by recorded lien, but no other
deduction shall be made for the indebtedness of the
party assessed, unless such party has obtained a bank-
er's license for the time embracing said first day of
September, in which case the debt owing by him for
money borrowed or held on deposit may also be
deducted, but no other indebtedness. The investments
above enumerated shall be assessed and taxed, al-
though the owner may have temporarily changed
them before said day, with the view of evading the
tax.'' In pursuance of this provision of the charter,
the levy ordinance for the year 1893, which was
passed on the 17th day of December, 1892, as to in-

vestments, provided as follows: "The taxes above levied for school purposes, and to meet the bonds issued to the Elizabethtown & Paducah Railroad in the year 1873, and city bonds under the ordinance and vote of 1883, and city bonds under the act of the Legislature, approved March 20, 1886 (Pub. Acts 1885-86, p. 1027, c. 410), and city bonds under the vote and ordinance of 1888, and for park purposes, are also levied on each one hundred dollars of value of all investments, which, on the first day of September, 1892, belonged to any resident person or corporation, as defined in section 6, article 1, of the above named act of May 12, 1884 [Loc. Acts 1883-4, p. 1262, c. 1458]; but the taxes named in this and the preceding section are not imposed upon any property exempted from taxation." These taxes amounted, in the aggregate, to 74½ cents on each $100 of investment. The general taxes for that year, for all purposes, amounted to $2.15.

As said before, it is not contended by the city that franchises of corporations were assessable for taxing purposes at any time prior to the 11th day of November, 1892, and the authority for the assessment of the franchise under consideration is based wholly upon the act of the General Assembly which became obligatory on that day. The question before us, then, is : Did the statute authorize a retrospective assessment of appellant's franchise? It may be conceded that the Legislature has power to retrospectively assess property for taxation, but the intention so to do is never presumed. On the contrary, the presumption is that all taxing statutes are prospective, unless the opposite intent is expressly shown by the language used. Cooley, in his work on Taxation (page 494), thus states the rule: "But there is commonly a presumption that any new tax law was not intended to reach back and take for its standard of apportionment a state of things that may no longer be in existence. 'New burdens,' it is very

justly said, 'ought always to be prospective,' and it is reasonable to suppose the Legislature has intended that they should be. Such a supposition is in harmony with the general rule of law which requires that the courts 'always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigor of the phraseology.'" And, in his work on Constitutional Limitations (7th Ed. p. 529), the same author says: "There are numerous cases which hold that retrospective laws are not obnoxious to constitutional objection, while in others they have been held to be void. The different decissions have been based upon diversities in the facts which make different principles applicable. There is no doubt of the right of the Legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden, eo nomine, by the State Constitution; and provided further that no other objection exists to them than their retrospective character. Nevertheless, legislation of this character is exceedingly liable to abuse, and it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." The foregoing quotation was approved in Long v. City of Louisville, 97 Ky. 364, 17 Ky. L. R. 253, 30 S. W. 987, and in Slack v. Maysville & Lexington Railway Company, 13 B. Mon. 1, it is said: "Upon principles of justice and general expediency, all laws, including constitutional, should be prospective. They are presumed to have been so intended, and are construed accordingly, unless a retrospective operation is clearly indicated."

There is nothing in the act of the Legislature approved November 11, 1892 (Laws 1891-93, p. 299, c. 103) which indicates that it was intended to be retrospective. On the contrary, its phraseology, and all the circumstances surrounding its passage, show be-

yond question that it was intended to be prospective
in its operation.   The fiscal year of the city of Louis-
ville then, as now, began on the 1st day of September,
and ended on the 31st day of August, in each year.
Section 38, p. 788, Burnett's City Code. All property
was assessed for municipal purposes as of the 1st
day of September of each year, and the lien of the
city for the taxes of a given year began on that day;
so that when the act of November 11, 1892, author-
izing the assessment of corporate franchises for State
and municipal taxation, became a law, more than
two months of the fiscal year for which the tax bill
herein sued on was issued had already expired, and,
unless the rule against retrospective taxation is to
be ignored there is no legal foundation for it.   There
is nothing in the fiscal laws of the municipality, prior
to November 11, 1892, upon which it can be founded,
and therefore it follows, that, in order to establish
it as a valid and legal claim, it must be based on the
act of November 11, 1892. But, as we have seen be-
fore, this act must be construed to authorize only
a prospective enforcement, and cannot be utilized for
the purposes of the city in this case.   The cases of
the City of Middlesboro v. Coal & Iron Bank, 108 Ky.
680, 22 Ky. L. R. 380, 57 S. W. 497, and Owensboro
Waterworks v. Owensboro, 74 S. W. 685, 24 Ky. Law
Rep. 2530, are not authority for the position of the city
in this case.   In the first, the city of Middlesboro
sought, by an ordinance passed February 22, 1893, to
levy a tax on the franchise of the Coal & Iron Bank
for the fiscal year beginning May 1, 1893. All of the
proceedings were prospective. The act of the Legis-
lature of November 11, 1892, was in full force and
effect, authorizing the future assessment and taxa-
tion of corporate franchises, and, in perfect harmony
with the principles announced in this opinion, the city
levied taxes for the fiscal year thereafter to com-
mence.   In the second, also, the proceeding was in fu-
turo.   The point made in that case against the tax

bill was that the ordinance was passed in April of 1893, while the new city charter did not take effect until June 15, 1893. But it was held that the ordinance was based upon the old charter, and fully authorized by it. There is nothing in it to indicate a retrospective assessment, but, on the contrary, all of the language of the opinion shows that the fiscal year for which the tax was levied was to commence thereafter. These cases, therefore, are in complete harmony with the principle, herein announced, that statutes must be construed to take effect prospectively, and not retrospectively, unless we are constrained by the rigor of the language used to the opposite conclusion.

For the reason indicated, the judgment is reversed for proceedings consistent with this opinion.

HOBSON, C. J. dissenting.

For lack of time the reasons for this dissent may only be outlined. The cardinal error in the opinion of the court, it is submitted, is in the assumption that the tax on franchises is a new tax originating with the act of 1892. By section 170 of the Constitution certain property is not subject to taxation. By section 171 taxes must be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax . By section 166 of the Constitution all acts incorporating cities and towns then in force continued in force under the Constitution until the General Assembly provided by general law for the government of such cities and towns. The old charter of the city of Louisville continued in force until it was replaced by the act for the government of cities of the first class, except so far as it was modified by such provisions of the Constitution as took effect upon its adoption. By virtue of section 171 of the Constitution, after its adoption all property within the territorial limits of the authority levying the tax was subject to taxation, except such as was exempted by section 170 from taxation. The

franchises of a corporation are personal property, and are subject to taxation. Appellant owned its franchise on the 1st day of September, when the fiscal year began. Being property then owned by the taxpayer which was subject to taxation, a lien existed upon it for the taxes in behalf of the city from the time they were levied. If the Legislature had not passed the act of 1892 at all, the property might have been assessed under the previous statute under the head of miscellany. At least, it should have been so assessed. The act of 1892 did not make property taxable which was not taxable before. It simply provided a new way of ascertaining its value. In Louisville Tobacco Warehouse Company v. Commonwealth, 106 Ky. 165, 49 S. W. 1069, 20 Ky. L. R. 1047-1747, 57 L. R. A. 33, this court, after quoting the provisions of the act of 1892 relating to the taxation of franchises, said: "From these provisions it is manifest that the so-called franchise tax is in reality a property tax upon all the intangible property of the corporations named in this act." In the recent case of Marion National Bank v. Burton (121 Ky.-28 Ky. L. R. 864 90 S. W. 944), the same conclusion was announced, and, in cases appealed from this court to the Supreme Court of the United States, that court made the same construction of the statute the basis of its judgment, sustaining the validity of the act.

The franchise tax, so called, being merely a tax on the personal property of the corporation, the mere fact that the Legislature provided a more efficient means of valuing this property after the fiscal year began is no reason for making the constitutional provision nugatory, and allowing this property to escape its just part of the public burden. If the Legislature had undertaken to exempt this property from taxation, it would have availed nothing. Not only so, but, as this court must take judicial notice of the ordinances of cities of the first class, we know that the taxing ordinances of the city of Louisville were

made after November 11th, when the act of 1892 took effect. When the tax ordinance was made, the lien for the taxes when assessed related back to the 1st of September, and it was entirely immaterial that there was no law in existence prior to November 11th for assessing this class of property in the way in which the assessment was made. The constitution made the property taxable, and, by virtue of its provisions, the tax when levied operated uniformly on all property within the territorial limits of the authority levying the tax. The State fiscal year begins on July 1st, but all corporations paid the State their taxes on the assessment of their franchises made under the act of November 11, 1892, and no other corporation has assailed the right of the city of Louisville to tax it under the act, so far as we are aware. No authority is cited in the opinion, and it is believed that none can be found, for the proposition that after a fiscal year begins the Legislature may not change the mode of assessment of property for taxation. The property in contest was undoubtedly assessable in another mode before the act of 1892 was passed.

For these reasons I dissent from the opinion of the court.

NUNN, J., concurs in this dissent,